IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOMUS BWW FUNDING, LLC,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**ARCH INSURANCE COMPANY,** *et al.*,<br><br>*Defendants*. | **Case No. 2:23-cv-00094-JDW** |

### ORDER

**AND NOW**, this 1st day of May, 2024, upon consideration of Defendants' Motion To Dismiss Counts IV And V Of Plaintiffs' Complaint For Lack Of Subject Matter Jurisdiction (ECF No. 60), I note as follows.

1. The federal courts are of limited jurisdiction; district courts must presume they lack subject matter jurisdiction unless the contrary appears affirmatively from the record. *See Renne v. Geary*, 501 U.S. 312, 316 (1991). "A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action." *Kontrick v. Ryan*, 540 U.S. 443, 445 (2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

2. The federal courts' subject matter jurisdiction is limited to actual cases and controversies. *See* U.S. Const. art. III, § 2. Although there is no precise definition as to what constitutes a case or controversy, "the facts alleged, under all circumstances, [must] show

that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to warrant declaratory judgment. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). To establish Article III standing, a plaintiff must allege (1) an injury in fact; (2) causation between the alleged injury and the conduct complained of; and (3) the likelihood that the injury will be redressed by a favorable judicial decision. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). For an injury to confer Article III standing, it must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. An injury that is contingent upon future action or inaction can still be ripe "if the threatened injury is certainly impending or there is a substantial risk that the harm will occur." *Susan B. Anthony List*, 573 U.S. at 158 (quotes omitted).

3. There is no dispute that Plaintiffs' claims against Arch Insurance Company are live. Those claims seek to recover the full $5 million policy limit that Arch issued to Plaintiffs, which is subject to a $500,000 retention.

4. Plaintiffs contend that their total loss from the underlying litigation, including bankruptcy confirmation costs, will be between $5,556,849.31 and $5,606,974.31, which would be enough to trigger the excess policy that QBE Insurance Company issued above the Arch layer of insurance (though just barely). Although the Parties dispute whether QBE has an actual duty to advance the cost of the Plaintiffs' legal

expenditures in ongoing bankruptcy proceedings, this is a merits argument that does not bear on justiciability. "A disagreement on [an insurer's] obligations to defend is a 'case or controversy.'" *ACandS, Inc. v. Aetna Cas. and Sur. Co.*, 666 F.2d 819, 823 (3d Cir. 1981). The Parties are in conflict about whether QBE has a duty to advance defense costs and whether the $200,000 settlement payment or ongoing bankruptcy legal fees are covered losses within the scope of QBE's policy. Even under an interpretation generous to QBE, the Plaintiffs are reasonably likely to imminently incur costs that will trigger a question of liability. The claims against QBE are thus ripe for adjudication.

5. Because the underlying litigation has ended, the Parties agree that Plaintiffs' claims against XL Specialty Insurance Company are moot because the XL Policy only applies after the exhaustion of QBE's policy, which requires losses exceeding $10.5 million. XL wants me to dismiss those claims with prejudice, but I have no basis to do so because I have not made a determination on the merits of Plaintiffs' claims against XL. Involuntary dismissal of a plaintiff's cause of action for lack of jurisdiction, without more, does not operate as an adjudication on the merits. *See* Fed R. Civ. P. 41(b). Dismissal for lack of standing does not reflect a court's view of a case's merits, so in these instances dismissal should be without prejudice. *See Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022). While I understand XL's desire for finality, it will have to take solace knowing that Plaintiffs are no longer incurring substantial defense costs and are nowhere near exhausting QBE's policy.

Therefore, it is **ORDERED** that Defendants' Motion To Dismiss Counts IV And V Of Plaintiffs' Complaint For Lack Of Subject Matter Jurisdiction (ECF No. 60) is **GRANTED IN PARTED** and **DENIED IN PART**, as follows:

1. The Motion is **GRANTED** with respect to Defendant XL Specialty Insurance Company, and the Plaintiffs' claims against XL Specialty Insurance Company are **DISMISSED WITHOUT PREJUDICE**;

2. The Motion is **DENIED AS MOOT** as to Aspen American Insurance Company in light of the Stipulation And Order Of Dismissal Without Prejudice Of Defendant Aspen American Insurance Company (ECF No. 68); and

3. The Motion is otherwise **DENIED**.

                                                **BY THE COURT:**

                                                */s/ Joshua D. Wolson*
                                                **JOSHUA D. WOLSON, J.**