IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DOMUS BWW FUNDING, LLC,** et al.,

Plaintiffs,

v.

**ARCH INSURANCE COMPANY,** et al.,

Defendants.

Case No. 2:23-cv-00094-JDW

**MEMORANDUM**

Plaintiffs 1801 Admin, LLC and Domus BWW Funding, LLC (together, "Domus") ask me to amend my judgment of September 10, 2024 (ECF No. 135) to include pre- and postjudgment interest. Both parties agree pre- and postjudgment interest applies, but they differ on some details. I will grant the award of prejudgment interest from the date Defendant Arch Insurance Company ("Arch") breached its contract and award postjudgment interest starting from the day I enter an amended judgment.

**I.      BACKGROUND**

The parties are familiar with the case's factual record and procedural history, so I recite only the facts needed for my analysis. On September 10, 2024, I granted summary judgment to Domus for costs it incurred in the *47 East* Action and to the insurers on Domus's other claims. (ECF No. 134 at 21.) Domus then moved to correct, alter, or

amend the judgment under F<small>ED</small>. R. C<small>IV</small>. P. 59(e) and/or 60(a) to add pre- and postjudgment interest and to include the $200,000 settlement from the *47 East* Action.

Both parties agree that pre- and postjudgment interest should apply and that I should clarify the judgment to include the settlement. However, they disagree on the dates when pre- and postjudgment interest begin to accrue. Domus argues that prejudgment interest accrues from each invoice date and that postjudgment interest begins on the date I granted summary judgment. Arch contends that accrual starts only upon invoice payment, with postjudgment interest beginning after I amend the judgment to reflect prejudgment interest.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) allows a court to correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. F<small>ED</small>. R. C<small>IV</small>. P. 60(a). Rule 60(a) can only be invoked to correct errors that are "mechanical in nature, apparent on the record, and not involving an error of substantive judgment." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005) (internal citations and quotations omitted). Awarding mandatory pre-and postjudgment interest falls under Rule 60(a)'s purview. *See id.*

## III. DISCUSSION

Because state law controls in the underlying action, state law also governs whether a party is entitled to prejudgment interest. *See Jarvis v. Johnson*, 668 F.2d 740,

746 (3d Cir. 1982). Pennsylvania law grants prejudgment interest in breach of contract claims as a matter of right if the sum is definite or ascertainable. *Fernandez v. Levin*, 548 A.2d 1191, 1193 (1988). This right accrues "starting from when the amount due under contract was initially withheld." *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 172 (3d Cir. 2010). In this case, the right accrued on December 30, 2019, when Arch breached the contract by denying coverage for Domus's defense costs in the *47 East* Action. While Domus received legal invoices before that date that Arch had a duty to pay "on a current basis," Arch hadn't yet breached its duty, so prejudgment interest did not yet accrue. Thus, prejudgment interest on Domus's defense costs—including the settlement amount—started on December 30, 2019, for the invoices that Domus had received by then, and began to accrue at the statutory rate of 6% on the date that Domus received subsequent invoices because that's when Domus owed the money.

To the extent that Arch contends that interest did not begin to accrue until Domus actually paid a bill, the argument is at odds with Pennsylvania law. Under Pennsylvania law, courts calculate prejudgment interest "from the time the money becomes due or payable," not the date that it is in fact paid. *Am Enka Co. v. Wicaco Mach. Corp.*, 686 F.2d 1050, 1056 (3d Cir. 1982) (citing *Penneys v. Pa. R.R. Co.* 183 A.2d 544 (Pa. 1962)).

Finally, I conclude that prejudgment interest accrues until the date of an amended judgment. There doesn't appear to be binding Third Circuit precedent on this

issue, but an unpublished opinion from the Third Circuit reached that conclusion. *See Northland Ins. Co. v. Lincoln Gen. Ins. Co.*, 153 F. App'x 93, 98 (3d Cir. 2005). That Third Circuit panel reached its conclusion because a Rule 59(e) motion "'in effect, "suspends" the finality of the initial judgment' until the District Court either grants or denies the motion." *Id.* (quoting *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). If the motion suspends the initial judgment, then it should logically also suspend the transition from prejudgment interest to postjudgment interest. I therefore conclude that the transition to postjudgment interest will occur as of the date that I modify the judgment (which will happen after the parties give me revised calculations of prejudgment interest).

Postjudgment interest applies "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961; *see Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 216 (3d Cir. 2004). Postjudgment interest on an award begins once the order quantifying the prejudgment interest is entered. *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 174 (3d Cir. 2010). Therefore, postjudgment interest, at the federal statutory rate, starts when I enter the amended judgment. *See* 41 Pa. C.S.A. § 202.

Finally, I granted summary judgment to Domus for "defense costs that Domus incurred in the *47 East* Action." (ECF No. 135.) I consider the settlement part of the defense costs incurred, so I'll clarify my judgment to that end. The Parties agree that I should do so.

## IV. CONCLUSION

Domus is entitled to pre- and postjudgment interest as a matter of law. Therefore, under Rule 60(a), I will award prejudgment interest on Domus's legal invoices and settlement starting from December 30, 2019, through the date of an amended order, when postjudgment interest will begin to accrue. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

October 31, 2024